## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA | * | Crim. No. ELH-02-0434 |
| v. | * | Civil No. ELH-16-2210 |
| ROOSEVELT MCQUEEN | * | |

\* \* \* \* \*

## REPLY TO GOVERNMENT'S OPPOSITION TO HOLD PETITIONER'S
## MOTION TO VACATE SENTENCE IN ABEYANCE

The government's unyielding opposition to Petitioner's motion to hold his/her motion to vacate under 28 U.S.C. § 2255 in abeyance pending the Supreme Court's resolution of the *Johnson* mandatory career offender issue is perplexing, wildly unreasonable, and cruel for the following reasons:

1.     To begin, the Fourth Circuit is uniformly entering orders holding *Johnson* mandatory career offender cases in abeyance on appeal pending the Supreme Court's decisions in *Allen v. United States*, No. 17-5684, *James v. United States*, No. 17-6769 and related cases involving the *Johnson* mandatory career offender issue.  The Fourth Circuit has already entered such orders in 18 cases upon the government's consent in the Western District of Virginia and the government's deference to the Court in the Eastern District of Virginia.[1]

---

[1]     *See* orders in the following cases: *United States v. Kalvin Marshall*, No. 18-6003; *United States v. Charles Gholson*, No. 18-6117; *United States v. Melvin Rumph*, No. 17-7080; *United States v. Tylan Autrey*, No. 17-7081; *United States v. Charles Mitchell,* No. 17-7167; *United States v. Brian Grimmond*, No. 18-6230; *United States v. Leonard Hudson,* No. 17-6850;  *United States v. Elliot Johnson*, 18-6306; *United States v. Ricky Reynolds*, No. 18-6255; *United States v. Corby Dillard*, No. 18-6309; *United States v. James Robinson*, No. 17-7145; *United States v. Patrick Taylor*, No. 18-6247; *United States v. Glenn Warton*, No. 17-7143; *United States v. Ricardo Hilton*, No. 18-6207; *United States v. John Davis*, No. 18-6215; *United States v. Maurice Jackson*, No. 18-6250; *United States v. Jessie Newton*, No. 18-6251.

Likewise, as mentioned in Petitioner's motion for abeyance, the District Court of the Western District of North Carolina (with the government's consent) is doing the same for cases pending in that district.

Despite such consensus amongst various United States Attorney's Offices in the Fourth Circuit and the Fourth Circuit itself, the United States Attorney's Office in Maryland is advocating for disparate results for individuals under identical circumstances in the District of Maryland.  This is quite troubling because all United States Attorney's Offices are part of the same Department of Justice that should speak with one voice.  Indeed, the D.C. Circuit recently made this exact point in *United States v. Redrick*, 841 F.3d 478, 482 (D.C. Cir. 2016), when the United States Attorney's Office in the District of Columbia took a position contrary to the United States Attorney's Office in Maryland on whether Maryland common law robbery is a "violent felony" under the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)):

> The government [via the Maryland United States Attorney's Office ] had conceded that Maryland common law robbery is not a violent felony.  To be sure, the government made that concession in the Fourth Circuit; whereas *in a footnote* in our case, it declines to make the same concession.  **We would find such a divergence in Justice Department policy quite troubling if were truly pressed**, but the government really makes no positive argument that Maryland common law robbery *is* a violent felony, so we will rest on its Fourth Circuit concession.

*Redrick*, 841 F.3d at 482 (emphasis added).

2.      The government's position with respect to Petitioners' abeyance motion is not only troubling because it creates a divergence in Justice Department policy, but also because the government has identified no harm at all that would come to the government from holding Petitioner's case in abeyance.  Yet, Petitioner faces a real danger that future 28 U.S.C. § 2255 relief will be foreclosed if his/her current petition is denied now, but the Supreme Court were to

ultimately find that the mandatory guideline residual clause is unconstitutionally void.  Indeed, as discussed in his/her motion for abeyance, any such ruling could be construed to be an old rule merely based on an application of *Johnson* itself that prevents Petitioner from refiling a petition under § 2255(f)(3), which requires a <u>new</u> rule.  The government can offer no assurance otherwise.

3.      Moreover, the government offers no reason for why a denial of Petitioner's § 2255 motion would be judicially efficient.  No such reason exists.  Rather, it is obvious that an immediate denial of Petitioner's § 2255 motion along with 26 other pending mandatory career offender § 2255 motions would create great inefficiency because it would produce 27 new appeals.  It would merely shift the 27-case load from district court to the Fourth Circuit, only to be held in abeyance there pending the Supreme Court's resolution of the mandatory guideline issue.

4.      Finally, it bears noting that the government has lost its humanity.  All  mandatory career offenders still incarcerated today have been in prison for at least 13 years now. If they were sentenced today, some of them would clearly not be career offenders and/or they would receive a variance from the career offender guideline in the post-*Booker* world.   Yet, the government is not willing to wait for a few months for the Supreme Court to resolve an issue that could bring a little justice (a long time in the coming) to these individuals who, by any measure, have already served an excruciating amount of time in prison.  This Court should shut down the government's cruelty.

WHEREFORE, Petitioner respectfully requests that this Court holder Petitioner's § 2255 motion in abeyance pending the Supreme Court's resolution of *Thilo Brown,* Appellate No. 16-7056, or any other case before then in which the Court resolves the issue of whether *Johnson,*

135 S. Ct.  2551, applies to individuals who were sentenced under the mandatory career offender

guideline.

Respectfully submitted,


JAMES WYDA
Federal Public Defender



_____/s/_____
PARESH S. PATEL,
Appellate Attorney
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
(301) 344-0600

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of April 2018, a copy of the foregoing motion

was delivered via electronic filing to David I. Salem,  Assistant United States Attorney, Office of

the United States Attorney, Greenbelt, Maryland, 20770

_____/s/_____
PARESH S. PATEL
Appellate Attorney